Paul M. JENSEN, individually and dba
PMJ Enterprises, and Perimeter Proper-
ties, Inc., a Utah corporation, Plaintiffs
and Appellants,

v.

REDEVELOPMENT AGENCY OF
SANDY CITY, a political subdivision of
the State of Utah, Sandy City, a munici-
pal corporation, J. Steven Newton, an
individual and a corporate officer and
public official, Woodbury Corporation, a
Utah corporation, Vestwood, a Utah
general partnership, and John Does 1–
10, Defendants and Appellees.

No. 960014.

Supreme Court of Utah.

Aug. 5, 1997.

Rehearing Denied Nov. 7, 1997.

Robert H. Copier, Salt Lake City, for
plaintiffs and appellants.

Jody K. Burnett, Kurt M. Frankenburg,
Salt Lake City, for Sandy City, Sandy City
RDA, and Newton; Nicholas E. Hales, Reid
W. Lambert, Salt Lake City, for Woodbury
and Vestwood.

HOWE, Justice:

Plaintiff Paul M. Jensen, individually and
dba PMJ Enterprises, and plaintiff Perime-
ter Properties, Inc., appeal from a summary
judgment entered against them and in favor
of defendants Sandy City, Redevelopment
Agency of Sandy City, J. Steven Newton,
Woodbury Corporation, and Vestwood, a
partnership.

This action arises out of Jensen's attempt
to finance, broker, and develop an "auto
mall" in Sandy City. In 1985, the City pre-
pared an economic development plan recom-
mending the development of an auto mall
that would generate significant tax revenue.
J. Steven Newton, who became mayor later
that same year, promoted the auto mall as
one of his administration's priorities. Ed
James, an architect who was active in the
civic affairs of the City and a long-time advo-
cate of the auto mall concept, volunteered to

spearhead the development effort. James interested Jensen, a real estate developer and consultant from Arizona, in the proposed project. From 1986 to 1989, Jensen undertook extensive negotiations with many lending institutions in an attempt to arrange financing for the project, which he named the Utah Automall, but was unable to obtain a commitment. He also contacted automobile dealerships and manufacturers but managed to obtain only one commitment, which later proved worthless. Other manufacturers and dealers expressed an interest in the proposed project, but their interest was predicated upon Jensen's ability to obtain financing and to actually develop the auto mall. Jensen obtained several options and earnest money agreements with landowners in the area but, because of lack of financing, was unable to finalize the necessary real estate acquisitions.

During this same period, the City and Sandy City Redevelopment Agency (RDA) continued to study, discuss, and promote the auto mall concept. By mid–1988, RDA became concerned that Jensen had made no substantive progress on the project and might not be able to accomplish the development. It then invited the Woodbury Corporation to consider the possibility of becoming a "back-up" developer. Woodbury eventually became interested in developing an auto mall but in the form of a commercial subdivision instead of an enclosed complex as planned by Jensen. It obtained financing commitments, purchased land, and designed an auto mall project consistent with the City's master plan. Woodbury began development and eventually found buyers for some of the lots in the subdivision, which it named the Utah Automall.

In 1990, Jensen commenced an action against the City, RDA, Newton, Woodbury Corporation, and Vestwood in the United States District Court for the District of Utah, asserting violations of 42 U.S.C. § 1983 and state law claims. That court eventually entered summary judgment against plaintiffs as to the federal claims and dismissed without prejudice all pendent state law claims for lack of subject matter jurisdiction. Jensen appealed to the United States Court of Appeals for the Tenth Circuit, which affirmed

the summary judgment. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550 (10th Cir.1993).

The state law claims, which constitute this action and which had been dismissed without prejudice by the federal court, were thereafter timely filed in the state district court. The claims may be summarized as follows: breach of contract and breach of the implied covenant of good faith and fair dealing against the City and RDA; negligence against Newton as mayor of the City and chief administrative officer of RDA; and unjust enrichment against Woodbury Corporation and Vestwood. The trial court entered summary judgment against plaintiffs on all claims, and they now bring this appeal.

## I. CLAIMS AGAINST SANDY CITY AND ITS RDA

Plaintiffs contend that in consideration of their disclosing to Sandy City and its RDA their plans to finance and develop the Utah Automall in the city, Newton, who was then the mayor of the City and chief administrative officer of RDA, orally agreed that he would "not go to the press" and disclose plaintiffs' plans. Plaintiffs do not assert that Newton "did go to the press," but rather that he contacted officers of the Woodbury Corporation and Vestwood when he became dissatisfied with the progress of Jensen's plans. Newton allegedly disclosed to Woodbury and Vestwood the details of Jensen's plan and invited them to develop the project if Jensen failed. Plaintiffs argue that by contacting officers of Woodbury and encouraging them to develop an auto mall similar to their plan, Newton breached the covenant of good faith and fair dealing which was implied in the oral agreement made between Newton and Jensen.

This contention has no merit. Plaintiffs concede that Newton's only commitment was "not to go to the press." That was the extent of his undertaking. That being so, his commitment cannot be enlarged and expanded by means of the implied covenant of good faith and fair dealing to include other promises not fairly included in the promise actually made. Plaintiffs cite no authority that would warrant our making the leap they

urge. In a matter of this importance, they could and should have made their agreement in writing and spelled out in detail the City's and RDA's promises. Instead, plaintiffs were apparently content to rely on the promise "not to go to the press," which they do not contend has been broken.[1] We have often observed in our case law that a court will neither make a better contract for the parties than they have made for themselves nor enforce asserted rights not supported by the contract itself. *Rio Algom Corp. v. Jimco Ltd.*, 618 P.2d 497, 505 (Utah 1980). We therefore conclude that the trial court did not err in granting summary judgment on plaintiffs' breach of contract claims. In so doing, we express no opinion as to whether agreements of this nature made by City officials would be otherwise enforceable.

## II. TERMINATING DISCOVERY BY PLAINTIFFS

When defendants moved for summary judgment in the action brought by plaintiffs in federal district court, plaintiffs requested additional time for discovery pursuant to Utah Rule of Civil Procedure 56(f) to depose Wallace Woodbury, an officer of the Woodbury Corporation. Plaintiffs contended that they could not respond to the motion for summary judgment until they had deposed Mr. Woodbury, whose testimony allegedly would have gone to the core of the factual issues concerning the alleged unauthorized disclosures made to Woodbury Corporation and Vestwood. The federal district court denied the request for additional time; and plaintiffs assailed that denial in their appeal to the Tenth Circuit. That court upheld the denial of additional time for discovery on two grounds. First, plaintiffs failed to identify any useful facts that they believed would be discovered in the deposition of Mr. Woodbury. Second, plaintiffs had been dilatory in pursuing discovery prior to the filing of their rule 56(f) affidavit. *Jensen,* 998 F.2d at 1554–55.

Approximately five months after plaintiffs filed the instant action in the district court, Woodbury moved for a protective order to cut off any discovery by plaintiffs. At that time, plaintiffs had not yet conducted any discovery in this action. The trial court granted Woodbury's motion for a protective order, reasoning that plaintiffs had expended their time for discovery while their case was pending before the federal district court and that they were not entitled to additional time for discovery because the state district court was bound by collateral estoppel. Plaintiffs now assign as error the granting of the protective order. They argue that without the desired discovery, they were unable to pursue basic factual issues and were prevented from obtaining basic information to oppose the motions for summary judgment in this case, particularly as they relate to the unjust enrichment of Woodbury Corporation and Vestwood and the negligence of Newton.

■ We find no error. We need not and do not determine whether the trial court was bound by the doctrine of collateral estoppel to follow the federal court in denying further discovery. Plaintiffs' sole claim against Woodbury and Vestwood is for unjust enrichment. As a matter of law, that claim cannot succeed. The Tenth Circuit held that under Utah law plaintiffs did not have a property interest in the information it supplied to the City. That court wrote:

> The information regarding the auto mall was of a type that is generally known and it was not reasonable under the circumstances to maintain its secrecy. An auto mall is not a unique concept or novel idea. Auto malls exist in other cities. Indeed, in this case, plaintiffs traveled with officials from the city to southern California to discuss the auto mall concept with a local expert, and to visit and inspect numerous different auto mall complexes located there.

998 F.2d at 1557.

The Tenth Circuit's ruling that plaintiffs did not have any property interest in the information it disclosed to the City and RDA is res judicata of that issue in this action. Therefore, even though Woodbury and Vestwood may have made use of Jensen's plans,

---

1. Sandy City officials did make some disclosure to the news media, but the media did not make the information public and plaintiffs do not assert that they were harmed thereby.

no property interest was appropriated that would give rise to an action for unjust enrichment against them.

Plaintiffs have also failed to demonstrate how any further discovery would have assisted them in defending against summary judgment on their negligence claim against Newton. The trial court ruled that Newton could not be sued for negligence due to the bar imposed by Utah Code Ann. § 63–30–4(4) (1993), which provides that "no government employee may be held personally liable for acts or omissions occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, unless it is established that the employee acted or failed to act due to fraud or malice." Plaintiffs have not suggested on this appeal how they might avoid that bar.

### III. FAILURE OF DEFENDANTS TO FILE FEDERAL COURT DEPOSITIONS IN STATE COURT

Plaintiffs and defendants stipulated that all discovery made in the action in federal district court could be used in this state court action. Apparently pursuant to that stipulation, defendants supported their motions for summary judgment by referring to depositions taken in the federal court that neither party filed in the district court. Plaintiffs argue that because there were no depositions before the district court on which summary judgment could be based, they had the right to stand on their pleadings and summary judgment should have been denied. Again, we find no merit in this contention. The record clearly reflects that defendants did file transcript excerpts of deposition testimony and exhibits that they relied upon to support their summary judgment motion. Plaintiffs made no objection to the use of the deposition excerpts before the district court and have not contended that the deposition testimony has been misconstrued or misstated on this appeal. More basically, plaintiffs have not identified any fact that would have been disputed absent the deposition testimony and would thereby have rendered summary judgment improper.

Judgment affirmed.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur.

